IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILES W. WITHERSPOON, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| COMMONWEALTH OF | : | NO. 12-2310 |
| PENNSYLVANIA, *et al.*, | : | |
|     Respondents. | : | |
| | : | |

## MEMORANDUM OPINION

RUFE, J.                                                                                                                               MAY 28, 2013

Before the Court are Petitioner Giles Witherspoon's *pro se* Objections to the Amended Report and Recommendation ("R&R")[1] filed by United States Magistrate Judge Thomas J. Reuter. Petitioner objects to Judge Reuter's recommendation that the habeas Petition be dismissed as barred by the one-year limitations period that applies to *habeas* petitions filed pursuant to 28 U.S.C. § 2554 and to the finding that equitable tolling does not toll the limitations period in this case. For the reasons that follow, the Court will overrule Petitioner's Objections, approve and adopt the R&R, and dismiss the Petition.

I.      BACKGROUND[2]

On October 5, 2001, a jury sitting in the Court of Common Pleas of Delaware County found Petitioner guilty of rape, kidnapping, aggravated assault, and simple assault. Petitioner was thereafter sentenced to an aggregate term of imprisonment of 13 ½ years to 27 years followed by 5 years of probation. On January 2, 2002, Petitioner filed an appeal to the

---

[1] About a week after Judge Reuter filed a Report and Recommendation in this case, Petitioner filed a "Traverse" in reply to Respondent's response to the Petition. See Doc. No. 13. After considering the content of this reply, Judge Reuter filed an amended R&R, to which Petitioner has filed objections. See Doc. Nos. 15, 16.

[2] Petitioner does not object to the R&R's statement of the background in this case. Finding the R&R's background section complete and consistent with the record in this case, the Court adopts the R&R in this respect without objection. The Court recounts herein only the background necessary to provide context for its decision.

Pennsylvania Superior Court, which affirmed his sentence on April 8, 2003. The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on September 30, 2003.

On June 2, 2004, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").[3] The Delaware County Court of Common Pleas apparently never received the petition, and on April 14, 2005, after receiving no response to his February 23, 2005 letter inquiring as to the status of his first PCRA petition, Petitioner filed a second PCRA petition, which the PCRA dismissed as untimely on April 5, 2006. Petitioner appealed.

On appeal, Petitioner presented evidence in the form of cash slips for legal mail sent on June 2, 2004, and letters he wrote to the PCRA court inquiring as to the status of his first PCRA petition. The Superior Court credited this evidence as supporting Petitioner's position that he timely-filed his PCRA petition on June 2, 2004, and on May 14, 2007, remanded the case to the PCRA court for an evidentiary hearing. Upon remand, the PCRA court determined that the petition was timely, but denied the petition on its merits on December 30, 2010.

On January 1, 2011, before filing an appeal to the Superior Court, Petitioner filed an "Application for Leave to File Original Process and a Petition for Extraordinary Relief" with the Pennsylvania Supreme Court. On March 17, 2011, he filed an appeal of the PCRA court's decision on remand, only later to file a notice of his intent to withdraw the appeal, which resulted in the Superior Court discontinuing the appeal on March 31, 2011.[4] On August 3, 2011, the Pennsylvania Supreme Court denied Petitioner's petition for extraordinary relief, and Petitioner filed a writ of certiorari to the Supreme Court, which was denied on January 9, 2012. Petitioner

---

[3] 42 Pa. Cons. Stat. Ann. § 9541, *et seq*.

[4] The Superior Court's Notice of Discontinuance of Action is dated March 23, 2011; however, a certified copy of the Notice was sent to the PCRA court on March 31, 2011. Use of either date does not change the conclusion that the Petition is time-barred, but the Court uses the later date, because it is more favorable to Petitioner.

filed the instant Petition in the United States District Court for the Middle District of Pennsylvania on February 3, 2012;[5] the Petition was later transferred to this Court.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[6] "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[7] Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[8]

## III. DISCUSSION[9]

Despite Petitioner's conclusory statements to the contrary, it appears that Petitioner's calculations concerning the timeliness of his Petition are consistent with the R&R's findings.[10]

---

[5] As the Magistrate Judge noted, the Middle District docket reflects a February 9, 2012 docketing date. However, the Court uses a February 3, 2012 date pursuant to the "mail box rule", which applies to petitions filed by *pro se* inmates and uses the date the petition was executed as the operative date. Burns v. Morton, 134 F.3d 109 113 (3d Cir. 1998).

[6] 28 U.S.C. § 2254.

[7] 28 U.S.C. § 2254(a).

[8] 28 U.S.C. § 636(b)(1).

[9] Petitioner does not specifically object to the R&R's findings; rather, his Objections are duplicative of his brief filed in support of his Petition. The Court therefore addresses the portion of Petitioner's "objections" which relate to and disagree with the findings of the R&R.

[10] See, e.g., Pet'r's Objections (Doc. No. 15) at 5 ("The Pennsylvania Supreme Court denied Petitioner's direct appeal Petition for Allowance of Appeal on September 30, 2003. Since the Petitioner did not petition the United States Supreme Court for certiorari, his judgement [sic] of sentence became final 90 days later, on December

3

Petitioner, however, clearly disagrees with the R&R's conclusion that equitable tolling does not apply in this case. According to Petitioner, "due diligence and extraordinary circumstances [] justify tolling" in his case.[11]

A. **Calculation of the Limitations Period**

AEDPA imposes a one-year limitations period on the filing of a *habeas* petition pursuant to 28 U.S.C. § 2554.[12] Pursuant to § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[13] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[14]

Here, it is undisputed that Petitioner's conviction became final on December 29, 2003 (90 days following the Pennsylvania Supreme Court's denial of Petitioner's request for review when the time for seeking certiorari in the United States Supreme Court expired).[15] The one-year limitations period runs from this date.[16] Petitioner filed his PCRA petition 156 days later, on June 2, 2004. The limitations period was then tolled until March 31, 2011, while Petitioner's

---

29, 2003. One hundred and fifty-six (156) days later, the petitioner filed his first Pro se PCRA Petition. At that time, two hundred and nine (209) days remained on Petitioner's federal habeas limitations period.").

[11] Doc. No. 15 at 14.

[12] Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 (3d Cir. 2013) (citing 28 U.S.C. § 2244(d)(1).

[13] 28 U.S.C. § 2244(d)(1)(A). It is undisputed that none of the alternative start dates allowed under § 2244(d)(1) are applicable here.

[14] 28 U.S.C. § 2244(d)(2).

[15] See Pet'r's Objections, Doc. No. 15 at 6; R&R, Doc. No. 14 at 5.

[16] 28 U.S.C. § 2244(d)(1)(A).

PCRA petition was pending in state court.[17] The limitations period restarted on April 1, 2011, and expired 209 (365 days less the 156 that had elapsed before the period was statutorily tolled) days later on October 27, 2011. The instant Petition, dated February 3, 2012,[18] was filed 99 days after the limitations period expired. It is therefore time-barred in the absence of equitable tolling.

### B. Equitable Tolling

ADEPA's limitations period may be tolled in appropriate cases where enforcing the statute of limitations would be unfair.[19] Generally, tolling will be permitted where plaintiff can show "that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing."[20] The Third Circuit has enumerated three specific circumstances where equitable tolling may be appropriate: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."[21] In determining whether equitable tolling should apply in a particular case, "district courts [are required] to examine the petitioner's due diligence in pursuing the matter under the specific circumstances he faced."[22] "Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances."[23]

---

[17] 28 U.S.C. § 2244(d)(2).

[18] See footnote 4, *supra*.

[19] See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[20] Id. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)).

[21] Butler v. Walsh, 846 F. Supp. 2d 324, 330 (E.D. Pa. 2012) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).

[22] Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004) (citing Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)); see also Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006) ("Even if [Petitioner]'s filing in the wrong court constituted an extraordinary circumstance, he would not be eligible for equitable tolling because of his lack of diligence in pursuing his petition.").

Here, Petitioner asserts he is entitled to equitable tolling because of the PCRA court's "inordinate delay" and his due diligence in pursing his state court remedies. While the state court proceedings were protracted, the limitations period was tolled during this time and thus, the PCRA court's delay is not the cause of Petitioner's failure to timely file the instant Petition. Additionally, Petitioner's diligence in state court does not excuse his failure to exercise reasonable diligence in pursuing his federal habeas claims. Moreover, Petitioner does not claim that he was actively misled by Respondents or the state courts and nor does he contend that this misrepresentation delayed the filing of the Petition; he merely cites delay in his state court proceedings and his diligence in pursing such proceedings as cause for equitable tolling. Given the particular circumstances of this case, including Petitioner's failure to provide an explanation as to why he waited 10 months after the Superior Court discontinued his appeal (and more than three months after the limitations period expired) to file the Petition, the Court finds no basis for equitable tolling.[24]

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Petition is time-barred. Accordingly, the Court will approve and adopt the R&R, overrule Petitioner's Objections, and deny the

---

[23] Schlueter, 384 F.3d at 74 (citing Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004)).

[24] The pendency of Petitioner's January 1, 2011 Petition for Extraordinary Relief does not affect the Court's analysis because Petitioner does not argue that he relied on the pendency of the petition staying the limitations period and that this reliance caused his delay in filing the instant Petition. Additionally, even if the Court were to address the *habeas* Petition on its merits, Petitioner is not entitled to relief. There is no evidence of judicial or prosecutorial misconduct in this case nor is there evidence that Petitioner's state court proceedings were protracted deliberately. Petitioner's guilty verdict reflects the jury crediting the victim's statement of events at issue and discrediting Petitioner's version of those same events.

Petition. Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[25]

An appropriate Order follows.

---

[25] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability ("COA") should issue. A COA should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted).